**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23837-CV-WILLIAMS**

HOFFMAN GONZALEZ RODRIGUEZ,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_________________________________/

**ORDER**

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Hoffman Gonzalez Rodriguez ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials is unlawful. (*Id.* at 6–8.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 8.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[1]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on October 14, 1997. (DE 7 at 1 citing (DE 7-1, Ex. A at 1–2; DE 7-2, Ex. B at 2 ¶ 7).) On March 30, 2002, Petitioner adjusted his immigration status to that of a lawful permanent resident ("***LPR***"). (*Id.* at 2 citing (DE 7-1, Ex. A at 2; DE 7-2, Ex. B at 2 ¶ 8).)

[1] *See* page 5.

In 2016, Petitioner was convicted and sentenced for felony battery in *State of Florida v. Gonzalez*, No. 2016CF000515A (19th Jud. Cir.) (the "***2016 Criminal Case***") to a term of twenty-two (22) months in prison and five years of probation upon release from custody. (*Id.* at 2–3 citing (DE 7-3, Ex. C at 1–11; DE 7-2, Ex. B at 2 ¶ 9).)

On October 11, 2017, the Department of Homeland Security ("***DHS***") issued a notice to appear ("***NTA***") and commenced removal proceedings. (*Id.* at 2 citing (DE 7-4. Ex. D). In the NTA, DHS charged Petitioner with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("***INA***") because he had been previously convicted of a crime of violence. (*Id.* citing (DE 7-4, Ex. D at 1, 3).)

On November 15, 2017, the immigration judge ("***IJ***") entered an Order finding Petitioner removable and ordered him removed to Cuba. (*Id.* at 2 citing (DE 7-5, Ex. E at 1–2; DE 7-2, Ex. B at 3 ¶ 11).) On February 13, 2018, Immigration and Customs Enforcement ("***ICE***") released Petitioner from custody under an order of supervision ("***OSUP***"). (*Id.* at 2 citing (DE 7-2, Ex. B at 3 ¶ 14; DE 7-6, Ex. F at 1–7).)

On May 2, 2026, after encountering Petitioner at the Stuart holding room, Petitioner was taken into ICE custody. (*Id.* at 3 citing (DE 7-7, Ex. G at 1; DE 7-2, Ex. B at 3 ¶ 16; DE 7-8, Ex. H at 1–2).) On that same date, an informal interview was conducted at which time Petitioner was informed that his OSUP was being revoked and removal proceeding effectuated. (*Id.* at 3 citing (DE 7-2, Ex. B at 3 ¶ 16; DE 7-11, Ex. K at 1).)

Petitioner has remained in immigration custody since May 2, 2026. (DE 1; DE 7 at 3.) Petitioner filed the Petition on June 1, 2026, seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 7 at 5–8) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

Under In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms

of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in November 2017. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since May 2, 2026. On June 1, 2026, the Petition was filed. (DE 1 at 1.) Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have

expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[2]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **November 3, 2026** (six months following his initial May 2, 2026 detention) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.
2. The Court's Order (DE 3) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.
3. All pending motions not otherwise ruled upon are **DENIED as moot.**
4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

[2] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

**Copies furnished to:**

**Hoffman Gonzalez Rodriguez, *Pro Se***
Alien # 075865269
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Current Address per ICE On-Line
Detainee Locator Systems, *See*
https://locator.ice.gov/odls/#/search)

**Hoffman Gonzalez Rodriguez, *Pro Se***
Alien #075865269
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101
(Address of Record *See* DE 10)

**Aimee C. Jimenez, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email: Aimee.Jimenez@usdoj.gov